NICOMEDES RIVERA ET AL., Plaintiffs and Appellees, *v.* HEIRS OF JOSÉ DOLORES LUGO, Defendants and Appellants; and TOMÁS JORDÁN MIRANDA, ETC., Defendant.

No. 5433. Argued April 10, 1931.—Decided April 30, 1931.

184

*Luis Mercader* for appellant.   *Lens & Susoni* for appellees.

MR. JUSTICE TEXIDOR delivered the opinion of the Court.

In the complaint appearing from the record of this appeal, the action is designated as "Injunction."   It is substantially alleged that the plaintiffs purchased at a tax-sale a piece of rural property which is described; that the defendant succession prosecuted an action of revendication against José Torres and obtained a judgment for whose execution a writ was issued directing the marshal to evict Torres from the property involved and to deliver the same to the defendants in this action, which property is identical with the one purchased by the plaintiffs; that the marshal is about to execute said writ and to evict from the property the said Torres, who was placed in charge of the premises by the plaintiffs; that the latter had become the absolute owners of the property since December 16, 1928, at the expiration of the period of one year within which it could have been redeemed by the defendant succession.   Irreparable injury, possible multiplicity of suits, and the lack of a remedy at law are alleged.   The prayer reads as follows:

"WHEREFORE, the plaintiff now comes before this Hon. Court sitting as a court of equity, and prays that, upon the giving of a bond to be fixed and approved by this Hon. Court, in a sum compatible with the financial circumstances of the plaintiff, a restraining order be issued directing the marshal, defendant herein, to absolutely refrain from evicting José Torres from the above mentioned property, and to refrain likewise from disturbing him in the possession thereof, or any other person who in a similar capacity and by order of your plaintiff should occupy it, both the defendant succession and the said marshal, until the final determination of the ownership rights alleged

by us in the present complaint; and they pray further that costs be imposed on the defendant succession.''

The complaint is verified.

Several incidents occurred on which error is assigned. Finally the plaintiff moved for a judgment on the pleadings, which was granted. It is from this judgment that the present appeal has been taken.

We will not take up, as being unnecessary, the consideration of the errors assigned relating to the bonds, the denial of the setting of the case, etc., and will confine ourselves to the assignment having reference to the judgment on the pleadings.

The argument advanced by the appellants is untenable. They state that they had forwarded beforehand to the office of the clerk the answer to the complaint, although they think it was not necessary to file such answer until the time of the hearing, assuming that this were required in order not to relieve the plaintiffs from their duty to prove their allegations; that if there was no answer it was not necessary to include the case in the calendar; that they asked for leave to file and notify the answer at that time, and that their request was denied; hence the error.

As a matter of fact, it appears that the clerk of the court testified that no answer whatever had been delivered to him; whereupon the attorney for the defendants said that ''really he did not remember whether an answer had been filed, but that he had an idea that he had sent it to the clerk's office.'' This statement was fatal to their cause, since the only evidence left was the testimony of the clerk, not controverted in any way. (Pages 44 and 45 of the transcript.)

As to the law, we find that if the complaint in the instant case can be considered as a petition for injunction, there is no doubt that no extraordinary remedy is involved, as claimed by the appellant, but an equitable proceeding, and the case constitutes a litigation in itself.

But could a judgment on the pleadings be rendered in a case like the one at bar, without further proceedings?

We have transcribed the prayer of the complaint. From an examination of the allegations we find that the ownership of a certain property is set forth in the second averment; in the third, fourth, and fifth, there is alleged the existence of a judgment, in which it was declared that the identical property belonged to the defendants herein, and the steps taken by the latter for the execution of such judgment and the eviction of the occupant, José Torres, described as the agent of *the plaintiff* (*sic*); in the sixth averment, it is alleged that *the plaintiff* (*sic*) is the absolute owner of the property. The eighth and ninth averments make reference to an irreparable injury, multiplicity of suits, and lack of a remedy at law.

This is not a suit for injunction. It is an action to determine ownership or title; this is shown by the concluding words of the prayer for relief which serve at least to explain the purpose sought by the plaintiffs. They are as follows: ". . . until the final determination of the ownership rights alleged by us in the present complaint."

In such a situation, all the admonitions contained in the jurisprudence established both in the continental United States and in Puerto Rico, in regard to the caution required in granting the delicate remedy of injunction, are to be remembered and observed. Where something like the ownership of real property is to be determined, whether directly or indirectly, the provisions of the Code of Civil Procedure governing cases of default should be followed, particularly subdivision 2 of section 194, which reads as follows:

"2. In other actions, if no answer has been filed with the secretary of the court within the time specified in the summons, or such further time as may have been granted, the secretary must enter the default of the defendant; and thereafter the plaintiff may apply at the first or any subsequent term of the court for the relief demanded in the complaint. . . ."

Really, this error has not been assigned; but we think that owing to its importance, and because it may perhaps concern the jurisdiction itself of the court in this matter of injunction, we can and must consider and determine the same, in accordance with section 1141 of the Revised Statutes of Puerto Rico (Compilation of 1911), which, in our judgment, authorizes us, in the furtherance of justice and to prevent injustice and delay, to consider all the merits of a case. It might perhaps be doubted whether this precept is mandatory or merely advisory. But in any event, in view of the fact that the complaint herein does not really set forth a petition for injunction but is rather a complaint in revendication or to establish ownership, and the judgment is one of injunction restraining the defendant succession from executing another judgment in which its ownership of the property had been declared; and that apparently there is no limitation of such restraint, which in effect would render the decree final at least as regards the possession of the property, we could not allow such a decision, which creates a legal situation not justified by the record, to prevail.

The judgment appealed from must be reversed and the case remanded to the lower court for further proceedings not inconsistent with this opinion.

Mr. Justice Wolf took no part in the decision of this case.